# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| HECTOR VARGAS TORRES | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | Civil Action No. 16-638 |
| | ) | Judge Cathy Bissoon/ |
| vs. | ) | Chief Magistrate Judge Maureen P. Kelly |
| | ) | |
| JAY LANE, Superintendent of SCI-Fayette; PA ATTORNEY GENERAL, | ) | |
| | ) | |
| Respondents. | ) | |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that "Petition for Writ of Habeas Corpus" (the "Petition"), be dismissed pre-service for failing to state a claim that is cognizable in habeas. A certificate of appealability should be denied.

### II. REPORT

**A. Relevant Procedural History**

Hector Vargas Torres ("Petitioner") is a state prisoner, who at the time of filing the Petition was incarcerated in the State Correctional Institution at Fayette ("SCI-Fayette"). In the Petition, Petitioner does not complain about his conviction or sentence but only about the conditions of his confinement. Specifically, Petitioner complains of the poor ventilation system which never lets in any fresh air and circulates ash-like dust, ECF No. 1 ¶¶ 9 - 10, as well as the poor quality of water at SCI-Fayette which, according to Petitioner, causes him illness. Id. ¶ 11. Petitioner seeks "immediate relief in the form of a permanent transfer" to another SCI prison, "which does not have the same type of ventilation and air tight building[.]" Id. ¶ 6.

This Petition was originally filed in the United States District Court for the Middle District of Pennsylvania. The Petition was transferred to this Court because SCI-Fayette is located within this District. ECF Nos. 6 and 7.

The Petition essentially complains that Petitioner is not being properly treated and that the conditions of his confinement threaten his health. Because the Petition seeks to challenge Petitioner's conditions of confinement and not his conviction or his sentence, the Petition should be dismissed pre-service for failure to state a claim that is cognizable in habeas proceedings.

**B. Rule 4 Pre-Service Dismissals**

Notwithstanding the fact that Respondents have not been formally served with process yet, pursuant to Rule 4 of the Rules Governing Section 2254 cases ("Rule 4"), this Court may dismiss the Petition if it plainly appears on its face that the Petitioner is not entitled to habeas relief. Rule 4 provides in relevant part that:

> The clerk must promptly forward the [habeas] petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

In interpreting Rule 4, the Advisory Committee Notes to Rule 4 state that:

> 28 U.S.C. § 2243 requires that the writ shall be awarded, or an order to show cause issued, "unless it appears from the application that the applicant or person detained is not entitled thereto." Such consideration may properly encompass any exhibits attached to the petition, including, but not limited to, transcripts, sentencing records, and copies of state court opinions. The judge may order any of these items for his consideration if they are not yet included with the petition.

In addition to ordering state court records and/or opinions, a federal habeas court may, under Rule 4, take judicial notice of those state court records, dockets and/or state court opinions as well as its own court records. See, e.g., Barber v. Cockrell, 4:01–CV–0930, 2002 WL 63079, at *1 n.4 (N.D. Tex. Jan. 8, 2002) (in a Rule 4 case, the court took judicial notice of its own

2

records of a prior habeas petition filed by the petitioner); United States ex. rel. Martin v. Gramley, No. 98 C 1984, 1998 WL 312014, at *1 (N.D. Ill. June 3, 1998)(in a Rule 4 summary dismissal, the court took "judicial notice of the opinion of the Illinois Appellate Court in this case.").

## C. Discussion

Traditionally, a petition for writ of habeas corpus must seek to challenge the fact or length of confinement. Preiser v. Rodriguez, 411 U.S. 475 (1973); Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (in a case where a federal prisoner sought to challenge the conditions of confinement by, inter alia, a petition for writ of habeas corpus, the court rejected the attempt, stating that "[a]ccording to traditional interpretation, the writ of habeas corpus is limited to attacks upon the legality or duration of confinement."). Here, Petitioner does not challenge the legality or length of his confinement. Instead, he seeks to challenge the conditions of his confinement at SCI-Fayette, namely poor ventilation and poor quality drinking water.

The United States Court of Appeals for the Third Circuit addressed this issue in Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002) and expounded upon Preiser. In Leamer, the Court of Appeals stated that:

> whenever the challenge ultimately attacks the 'core of habeas'– the validity of the continued conviction or the fact or length of the sentence– a challenge, however denominated and regardless of the relief sought, must be brought by way of a habeas corpus petition. Conversely, when the challenge is to a condition of confinement such that a finding in plaintiff's favor would not alter his sentence or undo his conviction, an action under § 1983 is appropriate.

Id. at 542. The Court further explained that:

> [w]hen examining whether *Preiser* and its progeny require a claim to be brought under habeas, unless the claim would fall within the "core of habeas" and [consequently] require sooner release if resolved in the plaintiff's favor, a prison confinement action such as this is properly brought under § 1983. Leamer's claim

3

not only does not fall within the core of habeas; it would not be properly brought under habeas at all.

Id. at 544. Taking these passages in context of the entire opinion, we read the Leamer decision as endorsing the rule that where a state prisoner's claim does not necessarily challenge the fact or length of a judicially imposed sentence such that if the challenge were successful, a speedier release from confinement would occur, then that challenge may not proceed by way of a habeas petition.

Petitioner's challenge in the Petition to his conditions of confinement at SCI-Fayette would not necessarily "require sooner release if resolved in the plaintiff's favor [and so] it would not be properly brought under habeas at all." Id. at 544. Accordingly, the Petition should be dismissed pre-service. See also Skinner v. Switzer, 562 U.S. 521, 535 n. 13 (2011) ("Dotson[, 544 U.S. 74, 82 (2005)] declared, however, in no uncertain terms, that when a prisoner's claim would not 'necessarily spell speedier release,' that claim does not lie at 'the core of habeas corpus,' and may be brought, if at all, under § 1983.").

Accordingly the instant Petition should be dismissed before service because it fails to state a claim that is cognizable in federal habeas proceedings or that provides a ground for relief in federal habeas proceedings.

### D. Certificate of Appealability

A certificate of appealability should be denied because, in light of Leamer v. Fauver, 288 F.3d 532 (3d Cir. 2002), jurists of reason would not find the foregoing analysis debatable.

## III. CONCLUSION

For the reasons set forth herein, it is respectfully recommended that the Petition be dismissed before being served because Petitioner has failed to state a claim that is cognizable in a federal habeas action.

4

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

                                              Respectfully submitted,

Date:  June 17, 2016                                  s/Maureen P. Kelly
                                              MAUREEN P. KELLY
                                              CHIEF UNITED STATES MAGISTRATE JUDGE

cc:      The Honorable Cathy Bissoon
          United States District Judge

          HECTOR VARGAS TORRES
          JT 1711
          S.C.I. Fayette
          50 Overlook Dr.
          LaBelle, PA 15450